## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                Criminal No. 22-cr-20309

v.                             Hon. Bernard A. Friedman

KYRRAH RADAKER-CARTER,

      Defendant.

_____/

## OPINION AND ORDER DENYING MOTION TO SUPPRESS

This matter is before the Court on a motion to suppress identification and request for evidentiary hearing filed by defendant Kyrrah Radaker-Carter.  (ECF No. 24).  The government filed a response, and Radaker-Carter filed a reply.  (ECF Nos. 25, 26).  The Court held a hearing on the motion on July 11 and 26, 2023.  At the conclusion of the hearing, defense counsel requested an opportunity to submit proposed findings of fact and conclusions of law.  Now both the defendant and the government have done so.  (ECF Nos. 34, 35).

Radaker-Carter is charged with carjacking, brandishing a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm.  (ECF No. 7).  In the instant motion, he seeks to suppress the identification testimony of the victim, E.J., urging that failure to do so would violate his due process right to a fair trial.  (ECF No. 24).  Radaker-Carter objects to both the identification of his

1

person by an unidentified third party and the photographic lineup conducted by police in this case with E.J. (*Id.*).

"A district court's admission of identification testimony only violates due process when the identification procedure is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (internal quotation marks and citation omitted). The Sixth Circuit has provided a two-step analysis to assess the validity of a pretrial identification. *Id.* at 985. "First, the defendant must show that the identification procedure was unduly suggestive. If the defendant meets this burden, then the court must evaluate the reliability of the identification in the totality of the circumstances." *Id.* The Supreme Court of the United States, however, has indicated that pretrial reliability screening does not apply "to cases in which the suggestive circumstances were not arranged by law enforcement officers." *Perry v. New Hampshire*, 565 U.S. 228, 232 (2012).

Having considered the briefs, proposed findings of fact and conclusions of law, the testimony offered at the hearing, and the relevant caselaw, the Court concludes that the motion must be denied. As to the third party's identification of Radaker-Carter to E.J., there is no indication that the police officers were involved at all, let alone engaged in any wrongdoing. As to the photographic lineup presented by the police officers to E.J. subsequent to that third party's identification, the Court

has not been persuaded that it was unduly suggestive.  Furthermore, under the totality of the circumstances, the Court does not believe that E.J.'s identification of Radaker-Carter was unreliable.  Accordingly,

IT IS ORDERED that the motion to suppress identification (ECF No. 24) is DENIED.

**SO ORDERED.**

s/Bernard A. Friedman
Dated: August 31, 2023    Hon. Bernard A. Friedman
  Detroit, Michigan    Senior United States District Judge